UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PIERRE KILLICK CEMELUS,

Petitioner,

v.                                                  CAUSE NO. 3:26-CV-46-CCB-SJF

BRIAN ENGLISH,

Respondent.

## OPINION AND ORDER

Immigration detainee Pierre Killick Cemelus, representing himself, filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is

unlawfully confined in violation of the laws or Constitution of the United States. ECF 1.

He filed an amended petition, addressing deficiencies the court found in his initial

petition. ECF 5. The Warden has answered the petition, and Cemelus filed a reply. ECF

10, ECF 15. The petition is ready to be decided.

Cemelus is a Haitian citizen who entered the United States in 2023 under Haitian

Humanitarian Parole with authorization to remain in the United States until October 15,

2025. ECF 10-1 at 2-3. On July 17, 2024, he was arrested by immigration officers

pursuant to a targeted enforcement operation. *Id.* at 3. He was served a Notice to

Appear, charging him with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an

immigrant without an immigrant visa. ECF 10-2 at 2-5. He remained detained during

his removal proceedings.

On July 1, 2025, an immigration judge ordered him removed to Haiti and denied his applications for asylum, statutory withholding of removal, and withholding or deferral of removal under the Convention Against Torture. ECF 10-3 at 2-13. Cemelus appealed to the Board of Immigration Appeals (BIA), which dismissed his appeal on February 26, 2026. ECF 10-4 at 2-6.

While his BIA appeal was still pending, Cemelus filed this habeas petition, alleging his continued immigration detention was unlawful because he was not provided a bond hearing. In his amended petition, he clarified that his detention was unlawful because it had been more than a year since the immigration judge ordered him removed and there had been no progress towards his removal. When the Warden answered the petition, he argued Cemelus' removal order did not become administratively final until February 26, 2026, when the BIA dismissed his appeal. At that point, the Warden continued, the basis for Cemelus' detention switched to 8 U.S.C. § 1231(a), and Cemelus entered the 90-day removal period, during which detention is mandatory. In his reply, Cemelus argues he should not be detained because his removal order is invalid. He provides paperwork that he says establishes that he was lawfully present in the United States when he was first arrested by ICE.

The Warden argues that this court lacks subject matter jurisdiction over the petition. This court has thoroughly considered its jurisdiction to review immigration detention under 8 U.S.C. §§ 1225, 1226, and 1231. For the reasons previously stated, jurisdiction is secure. *See Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, 1-4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (regarding § 1231); *Liang, v. English*, No. 3:25CV1052

DRL-SJF, 2026 WL 835853, at 1 (N.D. Ind. Mar. 26, 2026 (Leichty, J.) (same); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.) (regarding § 1225 and § 1226); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219, at 2-5 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026) (same).

Turning to the merits, the Warden argues Cemelus entered the "removal period" on February 26, 2026, when the BIA dismissed his appeal. Detention during the removal period is mandatory while the government works to effectuate the removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). According to § 1231(a)(1), the 90-day removal period begins on the latest of:

> **(i)** The date the order of removal becomes administratively final.
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Because Cemelus did not seek judicial review and he was not detained outside of the immigration context, his removal period began when his removal order became administratively final. By statute, a removal order that is appealed to the BIA becomes final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(A). Thus, Cemelus' removal order became administratively final on February 26, 2026, and he was in the removal period until May 27, 2026.

Although the removal period has ended, the statute authorizes further detention for three groups of noncitizens: (1) those who are inadmissible under 8 U.S.C. § 1182,

3

(2) those who are removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or

(3) those who have "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). All other noncitizens who have not been removed in that 90-day period are to be released subject to supervision. 8 U.S.C. § 1231(a)(3). Because Cemelus was removed under § 1182, his continued detention is authorized under § 1231(a)(6).

For those noncitizens who are subject to continued detention under § 1231(a)(6), the statute seemingly authorizes indefinite detention if their removal cannot be carried out. But the Supreme Court read "an implicit limitation" into the statute, namely that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable, the Supreme Court adopted a "presumptively reasonable period of detention" of six months. *Id.* "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Cemelus' detention is still in the six-month presumptively reasonable period allowed for the execution of his removal order. The fact that the Supreme Court called this a "presumptively reasonable" period, suggests that the reasonableness may be

rebutted. However, even if the presumption may be rebutted, Cemelus has provided no reason to believe his removal to Haiti cannot be carried out. Instead, he argues that the underlying removal order is invalid. But this court's jurisdiction extends only to the legality of the detention and does not extend to a review of the merits of the underlying removal order. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9); *Morales-Ramirez v. Reno*, 209 F.3d 977, 979 (7th Cir. 2000) ("[8 U.S.C.] § 1252(g) applies whenever an alien makes an adjudicatory challenge to an order of removal, and for this reason, the district court has no jurisdiction to hear a petition for writ of habeas corpus.").

At this point in time, Cemelus' detention remains lawful. However, that may change as his detention continues without progress towards his removal. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process"). That said, as the period of confinement grows, what qualifies as a reasonably foreseeable future conversely must shrink. *Zadvydas*, 533 U.S. at 701. This decision does not preclude him from filing another habeas petition in the future, should the circumstances require.

For these reasons, the court **DENIES** the petition (ECF 5) and **DIRECTS** the clerk to close this case.

SO ORDERED on June 11, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5